UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
PATRICK POUX

                   Plaintiff,                         Case No.:

             *-against-*

                                              **COMPLAINT**

                                            **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER NICOLA DIANA,
POLICE OFFICER JOHN DOE #1,
POLICE OFFICER JOHN DOE #2,
POLICE OFFICER JOHN DOE #3,
POLICE OFFICER JOHN DOE #4, *and*
POLICE OFFICER JOHN DOE #5,


The names of the Defendants not the
City of New York being fictitious,
the true names of the Defendants
being unknown to the Plaintiff.

                   Defendants,
--------------------------------------------------------------X

       Plaintiff, PATRICK POUX, by his attorney, Alexis G. Padilla complaining of the

Defendants, the CITY OF NEW YORK, Police Officer NICOLA DIANA ("P.O. DIANA") and

Police Officers JOHN DOE 1-5 (referred to collectively as "the Defendants") and upon

information and belief alleges as follows:

### PRELIMINARY STATEMENT

       1.     This is a civil rights action in which the plaintiff, PATRICK POUX, seeks relief

for the Defendants' violation of his rights as secured by the Fourth, Fifth and Fourteenth

Amendments to the United States Constitution, the Civil Rights Act of 1871, and 42 U.S.C. §

1983. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and

attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      Plaintiff is a citizen of full age and resides in Kings County, New York. Plaintiff is also an ordained minister in the Jehovah's Witness church and an active member of the local community in Brownsville, Brooklyn.

6.      Defendants Police Officer NICOLA DIANA was at all times relevant herein duly appointed and acting as an officer, servant, employee and agent of the New York Police Department, a municipal agency of the Defendant CITY OF NEW YORK. At all times relevant herein, Defendant P.O. DIANA acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the Defendant CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by the Defendant CITY OF NEW YORK and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the

performance of his lawful function in the course of his duty. He is sued individually and in his official capacity.

7.      Defendants Police Officers JOHN DOE 1-5 are a group of NYPD officers who were amassed at a police checkpoint at the corner of Pitkin and Grafton Avenues in Brooklyn on the night of February 18, 2013. At all times relevant herein Defendants were duly appointed and acting as officers, servants, employees and agents of the New York Police Department, a municipal agency of the Defendant CITY OF NEW YORK. At all times relevant herein, Defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the Defendant CITY OF NEW YORK and the New York Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacities.

8.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officers.

## STATEMENT OF FACTS

9.      On February 18, 2013 at approximately 11:00 P.M. Plaintiff was in the passenger seat of a car driven by his fiancé near the corner of Pitkin and Grafton Avenues in Brooklyn when Defendant Police Officer JOHN DOE #1 suddenly stepped into the road and motioned for the car to pull over.

10.     Plaintiff's fiancé pulled the car over as instructed.

11.     Defendant Police Officer JOHN DOE #1 and Defendant Police Officer JOHN DOE #2 then approached the car and instructed Plaintiff's fiancé to lower all of the car's windows and produce her license and registration.

12.     Plaintiff's fiancé handed over her license and registration.

13.     The two Defendant Police Officers then took the license and registration and walked away, instructing Plaintiff and his fiancé to leave the car windows open despite the cold.

14.     An extended period of time passed without the Defendant Officers returning Plaintiff's fiancé's license and without any explanation for why they were being detained.

15.     As Plaintiff and his fiancé sat in their car more officers arrived on the scene and it became clear that the corner had been set up as a police checkpoint. Plaintiff watched as the officers stopped other cars in the same manner, only to let them go after a brief check of their license and registration.

16.     As Plaintiff and his fiancé sat in their car, they overheard a number of officers, including Defendants Police Officer JOHN DOE #1 and Police Officer JOHN DOE #2 making offensive and derogatory comments about the neighborhood and the people who live there.

17.     Offended by this commentary and tired of waiting, Plaintiff got out of the car and approached the officers, demanding to speak to a commanding officer.

18.     Simultaneously, Plaintiff's fiancé dialed 911 and initiated a complaint against the officers.

19.     Plaintiff, after approaching the officers, complained that he and his fiancé were being held for no reason and demanded that they return her license and registration so that they could be on their way.

20.     The officers instructed Plaintiff to speak with their commanding officer and pointed out an individual who they identified as their Lieutenant.

21.     Plaintiff began to walk, in a normal non-aggressive manner, in the direction of the individual identified as the commanding officer.

22.     Before he could get within ten feet of the commanding officer, other officers, including the Defendant JOHN DOE Police Officers 1-5, descended upon Plaintiff, grabbing him and throwing him up against the passenger side of a vehicle.

23.     Defendant Police Officer JOHN DOE #3 put his arm across Plaintiff's neck while Defendant Police Officer JOHN DOE #4 grabbed his arms and handcuffed him.

24.     As Plaintiff was being handcuffed, Defendant Police Officer JOHN DOE #5 threw an elbow that connected with Plaintiff's left eye, which was patched at the time as Plaintiff was suffering from an infection that required his left eye to be bandaged.

25.     Plaintiff was then led towards a police vehicle and transported to the 75th Precinct of the New York Police Department.

26.     At the 75th Precinct, Plaintiff was charged by Defendant Police Officer NICOLA DIANA with disorderly conduct (PL 240.20) and littering (AC 16-118).

27.     Plaintiff was then subjected to a full strip search, including a cavity search, before being placed into a cell where he was left wearing only an undershirt to cover the upper part of his body.

28.     Plaintiff, who was suffering from an infection in his left eye that required prescription eye drops every three hours, repeatedly asked for his medicine (which the officers seized) and was repeatedly denied.

29.     Plaintiff remained at the 75th Precinct for approximately four hours before he was released with a desk appearance ticket.

30.     Plaintiff was then forced to return to court on three separate occasions including for a trial on June 17, 2013 before Hon. Judge Schwartzwald in Kings County Criminal Court, after which Plaintiff was acquitted of all charges.

31.     At no point during this sequence of events did Plaintiff commit any act for which he could be detained or arrested.

32.     At no point during this sequence of events did the Defendant Police Officers have probable cause to arrest Plaintiff.

33.     At no point during this sequence of events did the Defendant Police Officers have probable cause to charge Plaintiff with any crimes or violations of law.

34.     At no point during this sequence of events did the Defendant Police Officers have probable cause to use force against Plaintiff.

35.     As a result of the combined acts of the Defendants, Plaintiff suffered the following damages and injuries including but not limited to false arrest and malicious prosecution; excessive force; denial of due process and denial of equal protection under the law.

## AS FOR A FIRST CAUSE OF ACTION

### *Deprivation of Rights Protected under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983*

36.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

37.     At all times during the events described above the Defendants lacked probable cause to detain and arrest Plaintiff.

38.     All of the aforementioned acts of the Defendants were carried out in concert and with the intention of depriving Plaintiff of his constitutional rights.

39.     All of the aforementioned acts of the Defendants were carried out under the color of state law and by the Defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

40.     All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, including but not limited to the right to be free from unreasonable search and seizure, excessive force, false arrest and deprivation of liberty without due process of law.

## SECOND CAUSE OF ACTION

### *Failure to Intervene under 42 U.S.C. § 1983*

41.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

42.     The Defendant Police Officers are liable for the above-stated actions of their co-defendants due to their failure to intervene and stop the use of excessive force and illegal

detention against Plaintiff when Defendants knew or should have known that Plaintiff's rights were being violated.

43. The Defendant Police Officers each had a duty to intervene to prevent an obvious violation of rights by a fellow officer.

44. The Defendant Police Officers each had a reasonable opportunity to intervene.

45. The Defendant Police Officers each failed to intervene to prevent the violation of Plaintiff's rights.

46. As a direct and proximate result of the Defendant Police Officers' failure to intervene Plaintiff suffered injuries and damages as stated herein.

## THIRD CAUSE OF ACTION

### *Municipal Liability under 42 U.S.C. § 1983 against the City of New York*

47. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

48. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the Defendant Police Officers. The conduct of the Defendant Police Officers was a direct consequence of inadequate training and supervision of police officers by Defendant CITY OF NEW YORK and its agent, the New York Police Department.

49. At all times relevant to this complaint Defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to detain, arrest and assault in flagrant violation of their sworn oath to uphold the Constitution.

50.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

51.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

52.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.


**WHEREFORE,** Plaintiff demands relief jointly and severally against all of the Defendants for compensatory damages in the amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.


Dated: 05/05/2016
    Brooklyn, NY

                              By:      /s/Alexis G. Padilla
                                      Alexis G. Padilla, Esq. [AP8285]
                                      *Attorney for Plaintiff*
                                      *Patrick J. Poux*
                                      575 Decatur Street #3
                                      Brooklyn, NY 11233
                                      917-238-2993